IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:17CV552-FDW-DSC

| | |
|---|---|
| WILLIE LEE SINGLETON,<br>      Plaintiff,<br><br>      vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>      Defendant. | **MEMORANDUM AND RECOMMENDATION**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

# I. PROCEDURAL HISTORY

Plaintiff alleges a disability onset date of January 10, 2010. He was eligible for benefits through June 30, 2016. The Administrative Law Judge ("ALJ") held a hearing on September 16, 2016, and issued his decision denying Plaintiff's claim on November 28, 2016. On July 14, 2017, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-3). The Court adopts the remaining procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 15, 2017. He assigns error to the ALJ's and Appeals Council's failure to consider a favorable decision by the North Carolina Department of Health and Human Services ("NCDHHS") on his application for Medicaid benefits. (Tr. 82); Plaintiff's "Memorandum in Support … " at 6, 11-14 (document #12), The parties' cross-Motions are ripe for disposition.

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact,

if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.

In a decision dated September 14, 2014, NCDHHS found Plaintiff disabled for Medicaid purposes effective December 1, 2013. (Tr. 82). The record shows that Plaintiff's representative submitted this information to the Social Security Administration on January 16, 2015. (Tr. 79). This information was not placed in the record until the Appeals Council included it as new

evidence in denying Plaintiff's Request for Review. (Tr. 1-3, 82). Neither the ALJ nor the Appeals Council addressed the Medicaid decision at all. (Tr. 1-3).

Social Security Ruling 06-03p provides "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." See also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012) (error for ALJ to afford no weight to a Veterans Administration disability rating).

Following the Fourth Circuit's opinion in Woods v Berryhill, 888 F.3d 686, 692-93 (4th Cir. April 26, 2018), a Medicaid disability decision by NCDHHS must be afforded substantial weight in the same manner as a disability decision by the Veterans Administration. An ALJ may give less than substantial weight to an NCDHHS disability decision only by stating "persuasive, specific, valid reasons for doing so that are supported by the record." Id. at 692 (citing McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (describing standard for VA decisions); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (explaining that ALJs need not give great weight to VA disability determinations "if they adequately explain the valid reasons for not doing so")).

Applying those legal principles to the record here, the Court concludes that this matter must be remanded for a new hearing. The ALJ simply failed to consider the Medicaid determination. Accordingly, the ALJ's decision denying benefits is not supported by substantial evidence.

For this reason, the undersigned respectfully recommends that this matter be remanded for a new hearing.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #17) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[2]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

---

[2] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED**.

Signed: June 13, 2018

David S. Cayer
United States Magistrate Judge