UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00552-FDW-DSC

| | |
|---|---|
| WILLIE LEE SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Plaintiff William Lee Singleton's Motion for Summary Judgment (Doc. No. 11) and Defendant Nancy A. Berryhill's Motion for Summary Judgment (Doc. No. 15). Pursuant to 28 U.S.C. § 636(b)(1)(B), these motions were referred to the magistrate judge for issuance of a Memorandum and Recommendation ("M&R") for disposition (Doc. No. 17). The M&R recommends Plaintiff's Motion for Summary Judgment be granted, Defendant's Motion for Summary Judgment be denied, and the Commissioner's decision be reversed with instructions to remand for further proceedings. Defendant filed objections to the M&R (Doc. No. 18), and Plaintiff filed a response brief (Doc. No. 19). This matter is now ripe for review.

I. BACKGROUND

On February 17, 2012, Plaintiff sought benefits under Title II and Title XVI, alleging a disability onset date of January 10, 2010. (Tr. 415, 421). Plaintiff remained eligible for benefits through June 30, 2016. (Tr. 22). Plaintiff's applications were denied initially and on reconsideration. (Tr. 247, 260, 268). After a hearing on January 14, 2014, the Administrative Law Judge ("ALJ") issued an unfavorable decision on April 10, 2014. (Tr. 135, 223). Plaintiff

requested review by the Appeals Council, and the Appeals Council remanded for a new hearing. (Tr. 242). On remand from the Appeals Council, the ALJ held a hearing on September 16, 2016 (Tr. 48) and issued his decision denying Plaintiff's claim on November 28, 2016 (Tr. 15).

Plaintiff requested review. (Tr. 5). The Appeals Council added to the record additional evidence when it considered Plaintiff's request to review the ALJ's November 28, 2016 determination. (Tr. 5). The Appeals Council describes the additional evidence as "Exhibit 36B" "Request for Review from Lauren E. Hudachko[,] Received December 20, 2016 (3 pages)." (Tr. 5, 412-414). On July 14, 2017, that the Appeals Council denied review (Tr. 1), making the ALJ's November 28, 2016 decision the final decision of the Secretary, Wilkins v. Secretary Dept. of Health and Human Servs., 953 F.2d 93, 96 (1991) (citations omitted). Plaintiff subsequently brought this action.

A North Carolina Department of Health and Human Services decision (NCDHHS) dated September 11, 2014 finding Plaintiff disabled for Medicaid purposes and eligible for Medicaid from December 1, 2013 to February 28, 2014 and March 1, 2014 to July 31, 2015 is also in the record. (Tr. 82). It appears Plaintiff's counsel previously submitted the NCDHHS disability determination to the Appeals Council by fax in September 2014 and January 2015. (Tr. 79-81). It is not clear when the NCDHHS disability determination was added to the record; however, it is not listed in the ALJ's November 28, 2016 decision as part of the record. (Tr. 34-47).

## II. STANDARD OF REVIEW

A. Review of a Memorandum and Recommendation

A district court may assign dispositive pretrial matters, including motions for summary judgment, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C.

§ 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). *De novo* review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

B.   Review of a Social Security Appeal

When reviewing a Social Security disability determination, a reviewing court must "uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012) (citations omitted). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir.2012) (internal quotation marks omitted). In reviewing the record for substantial evidence, the Court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable

minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (brackets, citation, and internal quotation marks omitted).

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four." Lewis, 858 F.3d at 861. Here, the ALJ considers the claimant's residual functional capacity ("RFC") to determine what is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work. Id. § 416.945(a)(1); § 404.1520(a)(4)(iv).

> In making this assessment, the ALJ must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work.

4

Monroe, 826 F.3d at 179 (citations and quotations omitted). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).
>
> After assessing the claimant's RFC, the ALJ continues with the fourth step, where the claimant must establish she is unable to perform past work. Mascio, 780 F.3d at 635.

Lewis, 858 F.3d at 862. If the claimant meets her burden as to past work at step four, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862 (citations and quotations omitted). If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

III. ANALYSIS

The M&R recommends this Court grant Plaintiff's motion for summary judgment and remand this matter because the ALJ failed to consider the NCDHHS disability determination. (Doc. No. 17 at 4-5). Defendant objects to this finding and recommendation because "the NCDHHS decision was not a part of the evidentiary record at the hearing level, and therefore the ALJ could not consider it." (Doc. No. 18 at 2). Defendant argues the regulatory scheme only requires the Appeals Council to "consider new and material evidence . . . in deciding whether to grant review" and allows denial of a request for review "without explaining any rationale for the denial." (Doc. No. 18 at 3 (citing Meyer v. Astrue, 662 F.3d 700, 706 (4th Cir. 2011); Kiser v. Colvin, No. 1:14-CV-325-RJC-DSC, 2016 WL 884690, at *2 (W.D.N.C. March 8, 2016)). Therefore, Defendant contends the M&R has not identified any grounds supporting a recommendation for remand and reasserts her objections to Plaintiff's assignments of error as set forth in Defendant's summary judgment memorandum. (Doc. No. 18 at 3). Plaintiff maintains that Woods v. Berryhill, 888 F.3d 686 (4th Cir. 2018) necessitates remand. (Doc. No. 19).

The Social Security Regulations explain that "[w]e will consider all evidence in your case record when we make a determination or decision whether you are disabled." 20 C.F.R. § 404.1520(a)(3). "[E]vidence is anything you or anyone else submits to us or that we obtain that relates to your claim." 20 C.F.R. § 404.1513(a). This includes "decisions by other governmental and nongovernmental agencies about whether an individual is disabled or blind." SSR 06-03p (citing 20 C.F.R. §§ 404.1512, 416.912). Thus, although "[a] disability decision by another entity does not bind the SSA[,]" Woods, 888 F.3d at 691 (citing 20 C.F.R. § 404.1504), a "[prior] disability determination of a state administrative agency is entitled to consideration[,]" id. at 692

(quoting DeLoatche v. Heckler, 715 F.2d 148, 150 n. 1 (4th Cir. 1983)); see also SSR 06-03p. In Woods, the Fourth Circuit clarified that substantial weight to a NCDHHS disability determination, id. at 692, or "persuasive, specific, valid reasons for [deviating from substantial weight] that are supported by the record" must be given, id. (citations omitted); see also SSR 06-03p ("[T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases."). Therefore, absent adequately explained reasons for assigning less weight, the court cannot meaningfully review the determination on disability, necessitating remand for an adequate explanation. Id. at 692-94.

This Court "must review the record as a whole, including the new evidence [incorporated by the Appeals Council into the administrative record], in order to determine whether substantial evidence supports the Secretary's findings." Wilkins, 953 F.2d at 96. If the court considering the record as a whole cannot "determine whether substantial evidence supports the ALJ's denial of benefits[,]" courts remand the case for further fact finding. Meyer, 662 F.3d at 707. This may occur as "no fact finder has made any findings as to the [evidence,]" "attempted to reconcile that evidence with the conflicting and supporting evidence in the record[,]" or "[a]ssess[ed] the probative value of competing evidence[.]" Id. Courts "cannot undertake [fact finding] in the first instance." Id.; see also 42 U.S.C. § 405(g); Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972) ("Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence."). However, "the lack of such additional fact finding does not render judicial review 'impossible'—as long as the record provides 'an adequate explanation of [the Commissioner's] decision.'" Meyer, 662 F.3d at 707 (alteration in original). For instance, after Woods, the Fourth

Circuit in an unpublished decision held: "[t]o the extent that Williams requests remand based on the disability determination of the [NCDHHS], which Williams submitted to the Appeals Council, we conclude that the NCDHHS's decision does not render the ALJ's decision unsupported by substantial evidence." Williams v. Berryhill, 729 F. App'x 262, 263 n.* (4th Cir. 2018) *(citing* Meyer, 662 F.3d at 707). In Williams, the NCDHHS's disability determination was rendered six months after the ALJ's decision. Williams v. Berryhill, No. 1:16CV16, 2017 WL 4083574, at *9 (M.D.N.C. Sept. 14, 2017). Thus, in Williams, "the ALJ could not have discussed or weighed the Medicaid decision, as that decision post-dated the ALJ's July 24, 2013 decision by nearly six months." Id. at *9.

Thus, this Court must consider whether substantial evidence supports the Secretary's decision on the record before the Court, which includes the NCDHHS disability determination, in light of Woods and Williams. Here, there are documents in the record reflecting the faxing by Plaintiff's counsel of the September 11, 2014 NCDHHS disability determination to the Appeals Council on September 26, 2014 and January 16, 2015. (Tr. 81). The date of both faxes are *before* the Appeals Council remanded for a new hearing on September 22, 2015 and *before* the ALJ issued an unfavorable decision on November 28, 2016. (Tr. 15, 48, 242). Thus, unlike Williams, the NCDHHS disability determination occurred before the ALJ issued his decision and may have been received by the Social Security Administration in some form before the ALJ issued his decision. In light of this record, the Court concludes Woods requires remand because the ALJ failed to consider and weigh the September 11, 2014 NCDHHS disability determination. There is nothing before the Court indicating that substantial weight was given to the NCDHHS determination nor is there any explanation for giving less weight to the NCDHHS determination. There is also no

8

document reflecting or explaining the incorporation of the September 11, 2014 NCDHHS disability determination into the record or the timing of such incorporation.[1] It is therefore inappropriate for this Court to in the first instance assess the probative value of the NCDHHS decision. Thus, the Court remands for consideration, fact finding, and an adequate explanation concerning the NCDHHS disability determination.

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any opinion as to Plaintiff's other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the other assignments of error in dicta,[2] the Court notes that remand here provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation,' and a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509

---

[1] The Appeals Council added additional evidence "36B" "Request for Review from Lauren E. Hudachko[,] Received December 20, 2016 (3 pages)" but there is no reference to the NCDHHS decision. (Tr. 5, 412-414).
[2] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interest of judicial efficiency"); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

U.S. 292, 299 (1993) (alteration in original) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Objections (Doc. No. 18) to the M&R are OVERRULED; the M&R (Doc. No. 17) is affirmed and adopted for the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED; Defendant's Motion for Summary Judgment (Doc. No. 15) is DENIED; and this matter is REVERSED and REMANDED.

IT IS SO ORDERED.

Signed: July 30, 2018

Frank D. Whitney
Chief United States District Judge